# EXHIBIT A

# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

## SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>NC-2026-0204 |
| **Plaintiff**<br>Maritime Rhode Island Inc<br>v.<br>Starnet Insurance Company et al.<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Samuel Kennedy-smith<br>**Address of the Plaintiff's Attorney or the Plaintiff**<br>446 Main Street<br>16th Floor<br>Worcester MA 01608 |
| Murray Judicial Complex<br>Newport County<br>45 Washington Square<br>Newport RI 02840<br>(401) 841-8330 | **Address of the Defendant**<br>No Known Address |

**TO THE DEFENDANT, Starnet Insurance Company:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 5/8/2026. | /s/ John Graziano<br>Clerk |

Witness the seal/watermark of the Superior Court

# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

| **Plaintiff**<br>Maritime Rhode Island Inc<br>v.<br>Starnet Insurance Company et al.<br>**Defendant** | **Civil Action File Number**<br>NC-2026-0204 |
|---|---|

## PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Starnet Insurance Company, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion ______________________
Address of dwelling house or usual place of abode ______________________
______________________
Age ____________
Relationship to the Defendant ______________________

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent ______________________
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
______________________

☐ With a guardian or conservator of the Defendant.
Name of person and designation ______________________

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation ______________________

# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.
Name of person and designation ______________________________

☐ By leaving said papers at the office of the corporation with a person employed therein.
Name of person and designation ______________________________

☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
Name of authorized agent ______________________________
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
______________________________

☐ I was unable to make service after the following reasonable attempts: ______________________________
______________________________

SERVICE DATE: ____/____/____ (Month / Day / Year) SERVICE FEE $__________

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

______________________________
Signature

State of ____________________
County of ____________________

On this ________ day of ______________, 20____, before me, the undersigned notary public, personally appeared ______________________________ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was ______________________________, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: ______________________________
My commission expires: ______________________________
Notary identification number: ______________________________

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Starnet Insurance Company
11201 Douglas Avenue
Urbandale, IA
50322

9590 9402 9606 5121 3691 58

2. Article Number (Transfer from service label)

9589 0710 5270 2634 2986 45

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by (*Printed Name*) [signature]

C. Date of Delivery 8/31/26

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
... Delivery Restricted Delivery
...il
...ail Restricted Delivery
(over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053 Domestic Return Receipt

STATE OF RHODE ISLAND SUPERIOR COURT

NEWPORT, SC

MARITIME RHODE ISLAND, INC.

vs.

STARNET INSURANCE COMPANY; W.R. BERKLEY CORPORATION; BERKLEY OFFSHORE UNDERWRITING MANAGERS

CA NO: NC-2026-0204

**COMPLAINT AND JURY DEMAND**

1. The Plaintiff is a domestic non-profit corporate entity with a principal office located in Providence, Rhode Island. Plaintiff is successor in interest to OLIVER HAZARD PERRY RHODE ISLAND, INC.
2. The Defendant STARNET INSURANCE COMPANY ("StarNet") is a foreign corporate entity incorporated under the laws of the state if Iowa with a principal office located in Iowa.
3. The Defendant W.R. BERKLEY CORPORATION is a foreign corporate entity incorporated under the laws of the State of Delaware with a principal office located at 475 Steamboat Road, Greenwich, CT 06820
4. The Defendant BERKLEY OFFSHORE UNDERWRITING MANAGERS is a foreign corporate entity with a principal office located at 1800 Bering Dr Ste 575, Houston, Texas, 77057, United States and additional offices in New York, NY.

5. Defendants are hereinafter referred to as 'Defendant.'

## JURISDICTION

6. Venue is proper in Newport County where the acts and/or omissions giving rise to this action occurred in that County and/or a party resides in that County.

7. This Court has jurisdiction pursuant to R.I.G.L. § 9-30-1 et. seq., R.I.G.L. § 8-2-13 and R.I.G.L. § 8-2-14 and other pertinent statutory schemes.

8. Damages sought exceed $10,000.

9. The Defendant has sufficient contacts with this jurisdiction so as to be subject to the personal jurisdiction of the Rhode Island Courts.

## FACTS

10. Plaintiff is a non-profit corporation that provides maritime education programming aboard the SSV OLIVER HAZARD PERRY, the largest civilian full-rigged sailing school vessel in the United States.

11. The vessel is certified as a USCG Sailing School Vessel (SSV) and operates with a professional crew.

12. The Plaintiff's mission includes youth education, leadership and workforce development.

13. The Plaintiff is working to expand its mission statewide including into the Providence area.

14. On or about May 11, 2025, the SSV OLIVER HAZARD PERRY suffered a significant loss and damage in its engine and electrical rooms from flooding while docked in Newport, Rhode Island.

15. At the time, the vessel was insured by StarNet Insurance Company ("StarNet") under policy CHA 5570934-11 with effective dates of 11/30/24 – 11/30/25.

16. StarNet is a subsidiary and/or wholly owned company of W.R. BERKLEY CORPORATION and/or its underwriters and/or claims handlers BERKLEY OFFSHORE UNDERWRITING MANAGERS.

17. Plaintiff placed Defendant on notice of a claim and made the vessel available for inspection and survey.

18. At all times pertinent and under the terms, conditions and provision of said policy of insurance, the loss and damage suffered by the SSV OLIVER HAZARD PERRY was insurable and a covered loss.

19. As of date of filing, the Defendant has not indemnified the Plaintiff for the loss and/or has not communicated a coverage position.

**<u>COUNT I – BREACH OF CONTRACT</u>**

20. The Plaintiff repeats and re-alleges the above paragraphs as if each were set forth here in its entirety.

21. The Plaintiff asserts that: (1) There were valid, binding contracts for insurance between the parties; and (2) The Defendant breached the terms of that contract by failing and/or refusing to indemnify and pay a covered loss.

22. Plaintiff has suffered damages as a result of such conduct.

**<u>COUNT II – BAD FAITH</u>**

23. The Plaintiff repeats and re-alleges the above paragraphs as if each were set forth here in its entirety.

24. Defendant has recklessly and in bad faith failed to adjust, timely adjust, reasonably investigate, indemnify, honor or provide coverage for the Plaintiff's claim.

25. Such denial and/or conduct set forth herein and/or refusal to constitutes unfair, illegal and bad faith settlement practices in violation of R.I.G.L. § 9-1-33.

26. Such conduct was and is willful, wanton and/or malicious.

27. Plaintiff has suffered damages as a result of such conduct.

**COUNT III – DECLARATORY JUDGMENT**

28. The Plaintiff repeats and re-alleges the above paragraphs as if each were set forth here in its entirety.

29. Pursuant to R.I.G.L. § 9-30-1 et. Seq. this Court has the power to declare rights, status and other legal relations in relation to various instruments, documents and agreements including policies of insurance.

30. A dispute has arisen between the Plaintiff and the Defendant with respect to Plaintiff's rights to coverage and indemnification under a Policy of Insurance.

31. This Court has the power and authority to determine that the loss suffered by the Plaintiff and/or the insured vessel is a covered one requiring indemnification.

32. This Court should, respectfully, enter a judgment declaring such coverage and/or obligation to indemnify in favor of the Plaintiff.

**REQUEST FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that this Honorable Court grant the following relief:

I. Judgment against the Defendant;

II. All Damages to which Plaintiff is entitled under law and/or statute including compensatory multiple and/or punitive damages;

III. Costs and any reasonable attorney's fees pursuant to R.I.G.L. § 9-1-45;

IV. A Declaratory Judgment that the loss was insurable and covered;

V. Pre-judgment and post-judgment interest;

VI. Appropriate injunctive, declaratory and other equitable relief; and

VII. Such other relief as this Honorable Court may deem just and appropriate under the circumstances.

**JURY DEMAND**

The Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: May 8, 2026

Respectfully submitted,
The Plaintiff,

By his attorneys,

/s/ Samuel Kennedy-Smith

Samuel Kennedy-Smith (8867)
Duddy Goodwin & Pollard
446 Main Street, 16th Floor
Worcester, MA 01608
sks@dgpfirm.com

Case Number NC-2026-0204
F led in Newport County Superior Court
Submitted 8/27/2026 9 56 AM
Envelope 5814991
Reviewer Vaughn H

STATE OF RHODE ISLAND SUPERIOR COURT

NEWPORT, SC

MARITIME RHODE ISLAND, INC.

vs.

STARNET INSURANCE COMPANY; W.R. BERKLEY CORPORATION; BERKLEY OFFSHORE UNDERWRITING MANAGERS; R.A. MITCHELL CO., INC

CA NO: **NC-2026-0204**

## AMENDED COMPLAINT AND JURY DEMAND

1. The Plaintiff is a domestic non-profit corporate entity with a principal office located in Newport, Rhode Island. Plaintiff is successor in interest to OLIVER HAZARD PERRY RHODE ISLAND, INC

2. The Defendant STARNET INSURANCE COMPANY ("StarNet") is a foreign corporate entity incorporated under the laws of the state if Iowa with a principal office located in Iowa.

3. The Defendant W.R. BERKLEY CORPORATION is a foreign corporate entity incorporated under the laws of the State of Delaware with a principal office located at 475 Steamboat Road, Greenwich, CT 06820

4. The Defendant BERKLEY OFFSHORE UNDERWRITING MANAGERS is a foreign corporate entity with a principal office located at 1800 Bering Dr Ste 575, Houston, Texas, 77057, United States and additional offices in New York, NY.

Case Number NC-2026-0204
Filed in Newport County Superior Court
Submitted 8/27/2026 9 56 AM
Envelope 5814991
Reviewer Vaughn H

5. Defendants STARNET INSURANCE COMPANY, W.R. BERKLEY CORPORATION and BERKLEY OFFSHORE UNDERWRITING MANAGERS are hereinafter referred to as 'Insurer Defendants.'

6 The Defendant R A MITCHELL CO., INC. is a foreign corporate entity organized under the laws of the Commonwealth of Massachusetts with a principal office located at 103 Popes Island, New Bedford, MA, 02740 and Registered Agent of Jennifer Demello at that same address

## JURISDICTION

7. Venue is proper in Newport County where the acts and/or omissions giving rise to this action occurred in that County and/or a party resides in that County

8 This Court has jurisdiction pursuant to R.I.G.L. § 9-30-1 et. seq., R.I.G.L. § 8-2-13 and R.I.G L § 8-2-14 and other pertinent statutory schemes.

9. Damages sought exceed $10,000.

10. The Defendants have sufficient contacts with this jurisdiction so as to be subject to the personal jurisdiction of the Rhode Island Courts.

## FACTS

11 Plaintiff is a non-profit corporation that provides maritime education programming aboard the SSV OLIVER HAZARD PERRY, the largest civilian full-rigged sailing school vessel in the United States.

12. The vessel is certified as a USCG Sailing School Vessel (SSV) and operates with a professional crew when at sea.

Case Number NC-2026-0204
Filed in Newport County Superior Court
Submitted 8/27/2026 9 56 AM
Envelope 5814991
Reviewer Vaughn H

13. The Plaintiff's mission includes youth education, leadership and workforce development.

14. The Plaintiff is working to expand its mission statewide including into the Providence area.

15 In the Summer of 2022, the SSV OLIVER HAZARD PERRY was inspected by a marine surveyor for the vessel's lender. No issues were noted with the mechanical equipment of the vessel.

16 In May of 2024, Plaintiff contracted with the Defendant R A MITCHELL CO., INC to perform a 10,000 hour service of the vessel's John Deere marine generators.

17. Upon information and belief, the 10,000 hour service maintenance contemplates thorough inspection and potential major overhaul of the generators and their various component parts

18. Upon information and belief, the service contemplated inspection, examination and – if necessary – replacement or repair of various components, valves and pipes contained in and attached to the generator including those composing the generator's cooling system.

19. R.A. MITCHELL CO., INC. holds itself out as providing '[o]n site service for John Deere Marine engines and generator sets.. ' and further holds itself out as providing factory trained technicians and the ability to repair and rebuild engines and generators to 'factory and OEM Specs.'

20 R A. MITCHELL CO., INC. also holds itself out as an 'authorized distributor/dealer' of John Deere products and parts

21. At all times pertinent, Plaintiff relied upon said representations and expertise of R.A. MITCHELL CO., INC. and its agents, employees and/or technicians as to work,

Case Number NC-2026-0204
Filed in Newport County Superior Court
Submitted 8/27/2026 9 56 AM
Envelope 5814991
Reviewer Vaughn H

maintenance and/or condition of the generators and its component and attached parts and systems.

22. Plaintiff authorized all repair and maintenance work as recommended by R.A. Mitchell discovered pursuant to their inspection and repair of the generators and their related parts and systems.

23. In September of 2024, the SSV OLIVER HAZARD PERRY was inspected by the Coast Guard Forms associated with such inspection do not note any deficiencies or issues with the generators or their cooling systems.

24 On or about May 11, 2025, the SSV OLIVER HAZARD PERRY suffered a significant loss and damage in its engine and electrical rooms from flooding while docked in Newport, Rhode Island (the "Loss")

25. Such loss apparently occurred due to failure of the sea water supply pipe to the port-side generator. Such supply pipe is part of the cooling system that circulates seawater to remove excess heat from the generator and its associated components

26. Such supply pipe and its component parts were within the scope of work of R.A. Mitchell in May 2024.

27. Upon information and belief, the scope of work contemplated that R.A. Mitchell would inspect, clean, maintain and if necessary repair said piping and component parts.

28 At the time of the Loss, the vessel was insured by StarNet Insurance Company ("StarNet") under policy CHA 5570934-11 with effective dates of 11/30/24 – 11/30/25.

29. StarNet is a subsidiary and/or wholly owned company of W.R. BERKLEY CORPORATION and/or its underwriters and/or claims handlers BERKLEY OFFSHORE UNDERWRITING MANAGERS.

Case Number NC-2026-0204
Filed in Newport County Superior Court
Submitted 8/27/2026 9 56 AM
Envelope 5814991
Reviewer Vaughn H

30 Plaintiff placed Defendant on notice of a claim and made the vessel available for inspection and survey.

31. At all times pertinent and under the terms, conditions and provision of said policy of insurance, the loss and damage suffered by the SSV OLIVER HAZARD PERRY was insurable and a covered loss.

32 Plaintiff provided all available documents and information related to the loss to the Insurance Defendants

33. Insurance Defendants issued a declination of coverage on or about May 27, 2026

34 At no point in time did the Insurance Defendants engage in a good-faith, reasonable and/or legitimate investigation of the loss.

**COUNT I – BREACH OF CONTRACT – INSURANCE DEFENDANTS**

35. The Plaintiff repeats and re-alleges the above paragraphs as if each were set forth here in its entirety.

36 The Plaintiff asserts that: (1) There were valid, binding contracts for insurance between the parties, and (2) The Defendant breached the terms of that contract by failing and/or refusing to indemnify and pay a covered loss.

37. Plaintiff has suffered damages as a result of such conduct.

**COUNT II – BAD FAITH – INSURER DEFENDANTS**

38. The Plaintiff repeats and re-alleges the above paragraphs as if each were set forth here in its entirety.

39. Defendant has recklessly and in bad faith failed to adjust, timely adjust, reasonably investigate, indemnify, honor or provide coverage for the Plaintiff's claim.

Case Number NC-2026-0204
Filed in Newport County Superior Court
Submitted 8/27/2026 9 56 AM
Envelope 5814991
Reviewer Vaughn H

40. Such denial and/or conduct set forth herein and/or refusal to constitutes unfair, illegal and bad faith settlement practices in violation of R.I.G.L § 9-1-33.

41. Such conduct was and is willful, wanton and/or malicious.

42 Plaintiff has suffered damages as a result of such conduct.

**COUNT III – DECLARATORY JUDGMENT – INSURANCE DEFENDANTS**

43 The Plaintiff repeats and re-alleges the above paragraphs as if each were set forth here in its entirety

44. Pursuant to R.I.G.L. § 9-30-1 et. Seq. this Court has the power to declare rights, status and other legal relations in relation to various instruments, documents and agreements including policies of insurance.

45 A dispute has arisen between the Plaintiff and the Defendant with respect to Plaintiff's rights to coverage and indemnification under a Policy of Insurance.

46. This Court has the power and authority to determine that the loss suffered by the Plaintiff and/or the insured vessel is a covered one requiring indemnification.

47 This Court should, respectfully, enter a judgment declaring such coverage and/or obligation to indemnify in favor of the Plaintiff

**COUNT IV – BREACH OF CONTRACT – R.A. MITCHELL**

48. The Plaintiff repeats and re-alleges the above paragraphs as if each were set forth here in its entirety.

49. The Plaintiff asserts that. (1) There was a valid, binding contracts for inspection, maintenance and repair of the vessel's John Deere Generators between Plaintiff and R.A. Mitchell; (2) The Defendant breached the terms of that contract by failing to perform its scope of work in a diligent and/or workmanlike manner

Case Number NC-2026-0204
Filed in Newport County Superior Court
Submitted 8/27/2026 9 56 AM
Envelope 5814991
Reviewer Vaughn H

50. Plaintiff has suffered damages as a result of such conduct.

**COUNT V – BREACH OF WARRANTY OF WORKMANLIKE PERFORMANCE – R.A. MITCHELL**

51. The Plaintiff repeats and re-alleges the above paragraphs as if each were set forth here in its entirety.

52 The Plaintiff asserts that: (1) There was a valid, binding contracts for inspection, maintenance and repair of the vessel's John Deere Generators between Plaintiff and R.A. Mitchell; (2) Such scope of work for 10,000 hour service to said generators contained and constituted an implied warranty of good and workmanlike repair and/or performance; (3) The Defendant breached such warranty by failing to perform its scope of work in a diligent and/or workmanlike manner

53. Plaintiff has suffered damages as a result of such conduct

**COUNT VI – NEGLIGENCE – R.A. MITCHELL**

54. The Plaintiff repeats and re-alleges the above paragraphs as if each were set forth here in its entirety.

55. The Plaintiff asserts that: (1) There was a valid, binding contracts for inspection, maintenance and repair of the vessel's John Deere Generators between Plaintiff and R.A. Mitchell, (2) The Defendant performed such scope of work in a negligent and/or unreasonable manner.

56. Plaintiff has suffered damages as a result of such conduct.

**REQUEST FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that this Honorable Court grant the following relief·

I. Judgment against the Defendants;

Case Number NC-2026-0204
Filed in Newport County Superior Court
Submitted 8/27/2026 9 56 AM
Envelope 5814991
Reviewer Vaughn H

II. All Damages to which Plaintiff is entitled under law and/or statute including compensatory multiple and/or punitive damages;

III Costs and any reasonable attorney's fees pursuant to R I.G.L. § 9-1-45;

IV A Declaratory Judgment that the loss was insurable and covered;

V. Pre-judgment and post-judgment interest;

VI Appropriate injunctive, declaratory and other equitable relief; and

VII Such other relief as this Honorable Court may deem just and appropriate under the circumstances

**JURY DEMAND**

The Plaintiff hereby demands a trial by jury on all issues so triable

Dated: August 27, 2026

Respectfully submitted,
The Plaintiff,

By its attorneys,

/s/ Samuel Kennedy-Smith

Samuel Kennedy-Smith (8867)
Duddy Goodwin & Pollard
446 Main Street, 16th Floor
Worcester, MA 01608
sks@dgpfirm com

**CERTIFICATE OF SERVICE**

I hereby certify that, on this August 27, 2026 I filed and served this document through the electronic filing system. The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

*/s/ Samuel Kennedy-Smith*

Samuel Kennedy-Smith, Esq.